United States Bankruptcy Court
Northern District of California

In re: MOLLY ELLEN CATANZARO                Case No. 24-30828
                                            Chapter 11

_____/

**[PROPOSED] COMBINED PLAN OF REORGANIZATION
AND [APPROVED] [TENTATIVELY APPROVED] DISCLOSURE STATEMENT
October 24, 2025**

**INTRODUCTION**

This is Debtor's Combined Chapter 11 Plan of Reorganization and Disclosure Statement (the Plan). The Plan identifies each known creditor by name and describes how each claim will be treated if the Plan is confirmed.

Part 1 contains the treatment of creditors with secured claims; Part 2 contains the treatment of general unsecured creditors: 25% of their allowed claims in quarterly payments over 8 years. Taxes and other priority claims would be paid in full, as shown in Part 3.

Most creditors (those in impaired classes) are entitled to vote on confirmation of the Plan. Completed ballots must be received by Debtor's counsel, and objections to confirmation must be filed and served, no later than [date]. The court will hold a hearing on confirmation of the Plan on [date] at [time].

Attached to the Plan are exhibits containing financial information that may help you decide how to vote and whether to object to confirmation. Exhibit 1 includes background information regarding Debtor and the events that led to the filing of the bankruptcy petition and describes significant events that have occurred during this Chapter 11 case. Exhibit 2 contains an analysis of how much creditors would likely receive in a Chapter 7 liquidation. Exhibit 3 shows Debtor's monthly income and expenses. Exhibit 4 describes how much Debtor is required to pay on the effective date of the plan. Exhibit 5 shows Debtor's monthly income and expenses related to each investment property.

Whether the Plan is confirmed is subject to complex legal

rules that cannot be fully described here.  You are strongly encouraged to read the Plan carefully and to consult an attorney to help you determine how to vote and whether to object to confirmation of the Plan.

If the Plan is confirmed, the payments promised in the Plan constitute new contractual obligations that replace the Debtor's pre-confirmation debts.  Creditors may not seize their collateral or enforce their pre-confirmation debts so long as Debtor performs all obligations under the Plan.  If Debtor defaults in performing Plan obligations, any creditor can file a motion to have the case dismissed or converted to a Chapter 7 liquidation, or enforce their non-bankruptcy rights.  Debtor will be discharged from all pre-confirmation debts (with certain exceptions) if Debtor makes all Plan payments.  Enforcement of the Plan, discharge of the Debtor, and creditors' remedies if Debtor defaults are described in detail in Parts 5 and 6 of the Plan.

**PART 1: TREATMENT OF SECURED CREDITORS**
[select appropriate sections and delete those that are not applicable]

**Creditors' Rights Remain Unchanged.**

| Class | Name of Creditor | Description of Collateral |
|---|---|---|
| 1A | Western Alliance Bank | 925 Palm Ave., San Mateo |
| 1B | Diversified Loan Services | 925 Palm Ave., San Mateo |
| 1C | San Mateo County Tax Collector | 925 Palm Ave., San Mateo |

These creditors' legal, equitable, and contractual rights remain unchanged with respect to the above collateral.  The confirmation order will constitute an order for relief from stay.  Creditors in these classes shall retain their interest in the collateral until paid in full.  **These secured claims are not impaired and are not entitled to vote on confirmation of the Plan.**

**PART 2: TREATMENT OF GENERAL UNSECURED CREDITORS**

**Class 2(a). Small Claims.**

| Name of Creditor | Amount of Claim | Disputed Y/N | Amount to be Paid | [Monthly] [Quarterly] Payment |
|---|---|---|---|---|
| Sears | 5,800.00 | N | 5,800.00 | 2,600.00 |
| American Express | 9,782.53 | N | 9,782.53 | 4,891.27 |

This class includes any creditor whose allowed claim is $10,000 or less, and any creditor in Class 2(b) whose allowed claim is larger than $10,000 but agrees to reduce its claim to $10,000. Each creditor will receive on the Effective Date of the Plan a single payment equal to 50% of its allowed claim and the remaining 50% 30 days after the Effective Date.

Creditors in this class may not take any collection action against Debtor so long as Debtor is not in material default under the Plan (defined in Part 6(c)). **Claimants in this class are impaired and are entitled to vote on confirmation of the Plan, unless their claims are paid in full with interest on the Effective Date of the Plan.**

**Class 2(b) Student Loans**

| Name of Creditor | Amount of Claim | Disputed Y/N | Amount to be Paid | [Monthly] [Quarterly] Payment |
|---|---|---|---|---|
| Nelnet Student Loan | $180,000 | N | $180,000 | |

This creditor's claim is on forbearance for two years. Thereafter, the Debtor will make the required monthly payments.

**Class 2(c). General Unsecured Claims.**

| Name of Creditor | Amount of Claim | Disputed Y/N | Amount to be Paid | [Quarterly] Payment |
|---|---|---|---|---|
| American Express | $40,192.17 | N | 10,048.04 | 336.00 |
| Chase Bank | 10,151.50 | N | 2,537.88 | 63.00 |
| Internal Revenue Service | 201,104.28 | N | 50,276.07 | 1,638.00 |
| Wells Fargo Bank | 17,079.82 | N | 4,269.96 | 126.00 |
| Annemarie Catanzaro | 533,280.38 | Y | 133,320.10 | 4,410.00* |
| Farella Braun & Martel LLP | 1,762,459.76 | Y | 440,614.94 | 14,280.00** |

Allowed claims of general unsecured creditors [not treated as small claims] (including allowed claims of creditors whose executory contracts or unexpired leases are being rejected under this Plan) shall be paid as follows:

> **Percent Plan.** Creditors will receive 25% percent of their allowed claims in 30 equal quarterly installments, due on the 10th day of the quarter, starting the beginning of the quarter following the Effective Date. The Debtor estimates Plan payments to begin January 10, 2026 and will continue for 8 years.

*The claim of Annemarie Catanzaro is based on a judgment that is on appeal. Until the appeal has been determined, the Debtor will set aside the monthly payments but will not pay them out unless and until the appeal has been determined in favor of the creditor. If the debtor does not owe this claim, these plan payments will be applied toward allowed claims which will be paid more quickly. If the Creditor is successful on appeal, then they will be paid in accordance with this paragraph. Annmarie Catanzaro has also filed an adversary proceeding to determine the debt to be non-dischargeable in this Chapter 11 case. That adversary proceeding is trailing the appeal. If the creditor succeeds in obtaining an order that the debt is not dischargeable, the creditor will be able to enforce her judgment, along with any accrued attorneys' fees awarded, in accordance with non-bankruptcy law after payments under this Plan have been completed.

** The Debtor will be pursuing an objection to claim and a cross-claim for malpractice against this creditor (see below). Until such time as that claim is determined, the Debtor will set aside payments but will not pay them out unless and until there is a final judgment determining the amount owed. If the debtor does not owe this claim, these plan payments will be applied toward allowed claims which will be paid more quickly.

Claim objections will be filed within 45 days of the Effective Date.

Creditors in this class may not take any collection action against Debtor so long as Debtor is not in material default under the Plan (defined in Part 6(c)). **This class is impaired and is entitled to vote on confirmation of the Plan.** Debtor has indicated above whether a particular claim is disputed.

**PART 3: TREATMENT OF PRIORITY AND ADMINISTRATIVE CLAIMS**
(a)  Professional Fees.

Debtor will pay the following professional fees in full on the Effective Date, or upon approval by the court, whichever is later, unless other arrangements are made with the Professionals.

| Name and Role of Professional | Estimated Amount |
|---|---|
| Ruth Elin Auerbach | $20,000.00 |
|  |  |

Professionals may not take collection action against Debtor so long as Debtor is not in material default under the Plan (defined in Part 6(c)).  **Estate professionals are not entitled to vote on confirmation of the Plan.**

(b)  Other Administrative Claims.  Debtor will pay other allowed claims entitled to priority under section 503(b) in full on the Effective Date; except expenses incurred in the ordinary course of Debtor's business or financial affairs, which shall be paid when normally due and payable (these creditors are not listed below).  All fees payable to the United States Trustee as of confirmation will be paid on the Effective Date; post-confirmation fees to the United States Trustee will be paid when due.

Administrative Creditors may not take any collection action against Debtor so long as Debtor is not in material default under the Plan (defined in Part 6(c)).  **Administrative claimants are not entitled to vote on confirmation of the Plan.**

| Name of Administrative Creditor | Estimated Amount of Claim |
|---|---|
| N/A |  |
|  |  |

(c)  Tax Claims.  Debtor will pay allowed claims entitled to priority under section 507(a)(8) in full over time with interest (at the non-bankruptcy statutory interest rate) in equal amortizing payments in accordance with section 511 of the Bankruptcy Code.  Payments will be made [monthly/quarterly], due

on the [number] day of the [month/quarter], starting [month & year]. To the extent amounts owed are determined to be other than as shown below, appropriate adjustments will be made in the number of payments.

Priority tax creditors may not take any collection action against Debtor so long as Debtor is not in material default under the Plan (defined in Part 6(c)). **Priority tax claimants are not entitled to vote on confirmation of the Plan.**

| Name of Creditor | Estimated Amount of Claim | Statutory Interest Rate | Payment Amount | Number of Payments |
|---|---|---|---|---|
| Internal Revenue Service | $2,527.02 | .05 | $2,527.02 | 1 |
| | | | | |

This claim will be paid in full on the Effective Date of the Plan.

**PART 4: EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

(a) <u>Executory Contracts/Unexpired Leases Assumed</u>. Debtor assumes the following executory contracts and/or unexpired leases upon confirmation of this Plan and will perform all pre-confirmation and post-confirmation obligations thereunder. Post-confirmation obligations will be paid as they come due. Pre-confirmation arrears will be paid [select one] [in full on the Effective Date] in [number] equal [monthly/quarterly] installments beginning on the first day of [month & year].

| Name of Counter-Party | Description of Contract/Lease | Estimated Total Cure Amount | Installment Amount | Number of Installments |
|---|---|---|---|---|
| N/A | | | | |
| | | | | |

(b) <u>Executory Contracts/Unexpired Leases Rejected</u>. Debtor rejects the following executory contracts and/or unexpired leases and surrenders any interest in the affected property, and allows the affected creditor to obtain possession and dispose of its property, without further order of the court. Claims arising from rejection of executory contracts have been included in Class 2 (general unsecured claims).

| Name of Counter-Party | Description of Contract/Lease |
|---|---|
| N/A | |

(c) Executory contracts and unexpired leases not specifically assumed or rejected above will be deemed rejected.

**PART 5: DISCHARGE AND OTHER EFFECTS OF CONFIRMATION**

(a) <u>Discharge</u>.  Debtor shall not receive a discharge of debts until Debtor makes all payments due under the Plan or the court grants a hardship discharge.

(b) <u>Vesting of Property</u>.  On the Effective Date, all property of the estate and interests of the Debtor will vest in the reorganized Debtor pursuant to § 1141(b) of the Bankruptcy Code free and clear of all claims and interests except as provided in this Plan, subject to revesting upon conversion to Chapter 7 as provided in Part 6(f) below.

(c) <u>Plan Creates New Obligations</u>.  Except as provided in Part 6(d) and (e), the obligations to creditors that Debtor undertakes in the confirmed Plan replace those obligations to creditors that existed prior to the Effective Date of the Plan. Debtor's obligations under the confirmed Plan constitute binding contractual promises that, if not satisfied through performance of the Plan, create a basis for an action for breach of contract under California law.  To the extent a creditor retains a lien under the Plan, that creditor retains all rights provided by such lien under applicable non-Bankruptcy law.

**PART 6: REMEDIES IF DEBTOR DEFAULTS IN PERFORMING THE PLAN**

(a) <u>Creditor Action Restrained</u>.  The confirmed Plan is binding on every creditor whose claims are provided for in the Plan. Therefore, even though the automatic stay terminates on the Effective Date with respect to secured claims, no creditor may take any action to enforce either the pre-confirmation obligation or the obligation due under the Plan, so long as Debtor is not in material default under the Plan, except as provided in Part 6(e) below.

(b) <u>Obligations to Each Class Separate</u>.  Debtor's obligations under the Plan are separate with respect to each class of creditors.  Default in performance of an obligation due to members of one class shall not by itself constitute a default with respect to members of other classes.  For purposes of this

Part 6, the holders of all administrative claims shall be considered to be a single class, the holders of all priority claims shall be considered to be a single class, and each non-debtor party to an assumed executory contract or lease shall be considered to be a separate class.

(c) <u>Material Default Defined</u>.  If Debtor fails to make any payment, or to perform any other obligation required under the Plan, for more than 10 days after the time specified in the Plan for such payment or other performance, any member of a class affected by the default may serve upon Debtor and Debtor's attorney (if any) a written notice of Debtor's default.  If Debtor fails within 30 days after the date of service of the notice of default either: (i) to cure the default; (ii) to obtain from the court an extension of time to cure the default; or (iii) to obtain from the court a determination that no default occurred, then Debtor is in Material Default under the Plan to all the members of the affected class.

(d) <u>Remedies Upon Material Default</u>.  Upon Material Default, any member of a class affected by the default: (i) may file and serve a motion to dismiss the case or to convert the case to Chapter 7; or (ii) without further order of the court has relief from stay to the extent necessary, and may pursue its lawful remedies to enforce and collect Debtor's pre-confirmation obligations.

(e) <u>Claims not Affected by Plan</u>.  Upon confirmation of the Plan, and subject to Part 5(c), any creditor whose claims are left unimpaired under the Plan may, notwithstanding paragraphs (a), (b), (c), and (d) above, immediately exercise all of its contractual, legal, and equitable rights, except rights based on default of the type that need not be cured under section 1124(2)(A) and (D).

(f) <u>Effect of Conversion to Chapter 7</u>.  If the case is at any time converted to one under Chapter 7, property of the Debtor shall vest in the Chapter 7 bankruptcy estate to the same extent provided for in section 348(f) of the Bankruptcy Code upon the conversion of a case from Chapter 13 to Chapter 7.

(g) <u>Retention of Jurisdiction</u>.  The bankruptcy court may exercise jurisdiction over proceedings concerning: (i) whether Debtor is in Material Default of any Plan obligation; (ii) whether the time for performing any Plan obligation should be extended; (iii) adversary proceedings and contested matters pending as of the Effective Date or specifically contemplated in

this Plan to be filed in this court (see Part 7(f)); (iv) whether the case should be dismissed or converted to one under Chapter 7; (v) any objections to claims; (vi) compromises of controversies under Fed. R. Bankr. Pro. 9019; (vii) compensation of professionals; and (viii) other questions regarding the interpretation and enforcement of the Plan.

**PART 7: GENERAL PROVISIONS**
(a) <u>Effective Date of Plan</u>. The Effective Date of the Plan is the fifteenth day following the date of the entry of the order of confirmation, if no notice of appeal from that order has been filed. If a notice of appeal has been filed, Debtor may waive the finality requirement and put the Plan into effect, unless the order confirming the Plan has been stayed. If a stay of the confirmation order has been issued, the Effective Date will be the first day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

(b) <u>Disputed Claim Reserve</u>. Debtor will create a reserve for disputed claims. Each time Debtor makes a distribution to the holders of allowed claims, Debtor will place into a reserve the amount that would have been distributed to the holders of disputed claims if such claims had been allowed in the full amount claimed. If a disputed claim becomes an allowed claim, Debtor shall immediately distribute to the claimant from the reserve an amount equal to all distributions due to date under the plan calculated using the amount of the allowed claim. Any funds no longer needed in reserve shall be [select one] [returned to Debtor] [distributed pro-rata among allowed claims in this class].

(c) <u>Cramdown</u>. Pursuant to section 1129(b) of the Bankruptcy Code, Debtor reserves the right to seek confirmation of the Plan despite the rejection of the Plan by one or more classes of creditors.

(d) <u>Severability</u>. If any provision in the Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of the Plan.

(e) <u>Governing Law</u>. Except to the extent a federal rule of decision or procedure applies, the laws of the State of California govern the Plan.

Individual Chapter 11
Combined Plan & Disclosure Statement                              (Version: 7/30/12)
July 30, 2012
-9-
Case: 24-30828    Doc# 74    Filed: 10/29/25    Entered: 10/29/25 11:18:25    Page 9 of 18

(f) <u>Lawsuits</u>.

Debtor believes that causes of action for fraudulent transfers, voidable preferences, or other claims for relief exist against the following parties:

| Party | Creditor Y/N | Nature of Claim | Amount of Claim | Will Debtor Prosecute Action? Y/N |
|---|---|---|---|---|
| Farella Braun & Martel | Y | Objection to Claim/ Malpractice | Unknown | Y |
| Annemarie Catanzaro | Y | Objection to Claim/Appeal of Judgment | n/a | Y |

(g) <u>Notices</u>. Any notice to the Debtor shall be in writing, and will be deemed to have been given three days after the date sent by first-class mail, postage prepaid and addressed as follows:

MOLLY ELLEN CATANZARO, 925 Palm Avenue, San Mateo, CA 94401, with a copy to counsel, Ruth Elin Auerbach, 236 West Portal Ave., Suite 185, San Francisco, CA 94127


(h) <u>Post-Confirmation United States Trustee Fees</u>. Following confirmation, Debtor shall continue to pay quarterly fees to the United States Trustee to the extent, and in the amounts, required by 28 U.S.C. § 1930(a)(6). So long as Debtor is required to make these payments, Debtor shall file with the court quarterly reports in the form specified by the United States Trustee for that purpose.

(i) <u>Deadline for § 1111(b) Election</u>. Creditors with an allowed secured claim can make a timely election under section 1111(b) no later than 14 days before the first date set for the hearing on confirmation of the Plan.


Dated:_10/24/2025_____

_____
MOLLY ELLEN CATANZARO
Debtor

Individual Chapter 11
Combined Plan & Disclosure Statement                    (Version: 7/30/12)
July 30, 2012                    -10-
Case: 24-30828   Doc# 74   Filed: 10/29/25   Entered: 10/29/25 11:18:25   Page 10 of 18

_/s/ Ruth Elin Auerbach_
RUTH ELIN AUERBACH
Attorney for Debtor

**Attorney Certification**

    I, RUTH ELIN AUERBACH, am legal counsel for the Debtor(s) in the above-captioned case and hereby certify the following: (i) the foregoing plan is a true and correct copy of the Individual Chapter 11 Combined Plan and Disclosure Statement promulgated by the Northern District of California, San Francisco Division, on July 30, 2012 (the "Standard-Form Plan"); and (ii) except as specified below, there have been no alterations or modifications to any provision of the Standard-Form Plan.

    The following provisions of the Standard-Form Plan have been altered or otherwise modified.

Deleted irrelevant paragraphs;
On Page 3, added a provision for Student Loan Creditor.


    I declare that the foregoing is true and correct. Executed this _24th____ day of September, 2025.

                                       /s/ Ruth Elin Auerbach_____
                                       Attorney for Debtor(s)

**Exhibit 1 - Events That Led To Bankruptcy**

The Debtor filed this case in order to stop foreclosure of her home.  The foreclosing lender had a first priority lien against real property located on Third Avenue in San Mateo which property was owned by the Debtor's and her disabled husband's business, Kenreg, LLC, which was cross-collateralized with the Debtor's residence on Palm Avenue in San Mateo.  The LLC also filed a Chapter 11 case, No. 24-30827.  The secured creditor obtained relief from stay in that case, and foreclosed on the Third Avenue property, bidding the full amount of their debt, so that the third priority lien on the Debtor's residence was paid off, and the lien released.

The Debtor and her husband had also been sued by their niece who obtained a judgment against them.  That Judgment is on appeal.

Through the Chapter 11 Plan, the Debtor will pay a percentage of her unsecured claims and move forward with a fresh start.

**Exhibit 2 - What Creditors Would Receive if the Case Were Converted to a Chapter 7**

Real Property #1: 925 Palm Ave., San Mateo, CA 94401

| Fair Market Value | Liens | Cost of Sale | Resulting Income Tax | Amt of Exemption | Net Proceeds |
|---|---|---|---|---|---|
| 3,300,000 | 1st SM Tax 1,674.71 | $344,000 | $225,000 (est.) | $699,421 | $0.00 |
|  | 2nd Western 1,533,441.02 |  |  |  |  |
|  | 3rd Diversified 600,000 |  |  |  |  |
|  | Total: 2,135,115.73 |  |  |  |  |

Personal Property:

| Description | Liquidation Value | Secured Claim | Amt of Exemption | Net Proceeds |
|---|---|---|---|---|
| Cash | 1,000 | 0 | 0 | 1,000 |
| Automobile #1 2019 Crysler Pacifica | 14,000 | 0 | 7,500.00 | 6,500 |
| Automobile #2 2001 Chevrolet Suburban | 3,400 | 0 | 0 | 3,400 |
| Household Furnishings | 6,000 | 0 | 6,000 | 0 |
| Jewelry | 200 | 0 | 200 | 0 |
| Equipment |  |  |  |  |
| Stocks / Investments |  |  |  |  |
| Other Personal Property: Accounts receivable | 30,000 | n/a | n/a | 30,000 |
| Malpractice Claim vs Farella Braun | Unknown | n/a | n/a | unknown |
| TOTAL |  |  |  |  |

| | |
|---|---|
| Net Proceeds of Real Property and Personal Property | 40,900 |
| Recovery from Preferences / Fraudulent Conveyances [ADD] | 0 |
| Chapter 7 Administrative Claims [SUBTRACT] |  |
| Chapter 11 Administrative Claims [SUBTRACT] | -20,000 |
| Priority Claims [SUBTRACT] | -2,527 |
| Chapter 7 Trustee Fees [SUBTRACT] | -4,840 |
| Chapter 7 Trustee's Professionals [SUBTRACT] | -10,000 |
| NET FUNDS AVAILABLE FOR DISTRIBUTION TO UNSECURED CREDITORS | 2,633 |

| | |
|---|---:|
| Estimated Amount of Unsecured Claims | 2,564,268 |
| Percent Distribution to Unsecured Creditors Under Proposed Plan | 25% |
| Percent Distribution to Unsecured Creditors Under Liquidation Analysis | 1% |

**Exhibit 3 - Monthly Income and Expenses**

| **Income** | Amount |
|---|---:|
| Gross Employment Income | |
| Gross Business Income (Husband's average income) | 9,000.00 |
| Social Security | 3,429.00 |
| Husband's VA Benefit | 14,933.69 |
| Positive Cash Flow on Investment Property (Exhibit 5, Line A) | |
| **A. Total Monthly Income** | 27,362.69 |

| **Expenses**<br>Includes Plan Payments on Secured Claims for Residence and Car | Amount |
|---|---:|
| Payroll Taxes and Related Withholdings | 0 |
| Retirement Contributions (401k, IRA, PSP) | 0 |
| Shelter Expenses (rent/mortgage, insurance, taxes, utilities)<br>(Total Arrearages on Principal Residence are $0.00) | 18,925.00 |
| Household Expenses (food) | 600.00 |
| Transportation Expenses (car payments, insurance, fuel) | 300.00 |
| Personal Expenses (e.g. recreation, clothing, laundry, medical) | 0 |
| Alimony / Child Support | 0 |
| Other Expenses | 0 |
| Negative Cash Flow on Investment Property (Exhibit 5, Line B) | 0 |
| **B. Total Monthly Expenses** | 19,25.00 |

| | |
|---|---:|
| **C. Disposable Income** (Line A - Line B) | 7,437.00 |

| **Plan Payments**<br>Plan Payments Not Included in Calculating Disposable Income | Amount |
|---|---:|
| Administrative Claims | 0 |
| Priority Claims | 0 |

| | |
|---|---:|
| General Unsecured Creditors | 7,000.00 |
| [OTHER PLAN PAYMENTS - DESCRIBE] | |
| **D. Total Plan Payments** | 7,000.00 |

| | |
|---|---:|
| **E. Plan Feasibility** (Line C − Line D)<br>(Not feasible if less than zero) | 437.00 |

**Exhibit 4 – Effective Date Feasibility**

Can the Debtor Make the Effective Day Payments?

|  | Amount | Amount |
|---|---|---|
| A. Projected Total Cash on Hand on Effective Date |  | 30,000.00 |
| Payments on Effective Date |  |  |
| Unclassified Claims |  |  |
| Administrative Expense Claims |  |  |
| Priority Claims | 2,527.02 |  |
| Small Claims (Class 2(a)) | 7,491.27 |  |
| U.S. Trustee Fees | 0 |  |
| B. Total Payments on Effective Date |  | 10,018.29 |
| **C. Net Cash on Effective Date** (Line A - Line B) (Not feasible if less than zero) |  | 19,981.71 |

Case: 24-30828    Doc# 74    Filed: 10/29/25    Entered: 10/29/25 11:18:25    Page 18 of
18